# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT LONDON

_____

CLAUDIA COLE, Individually and as Administratrix )
of the Estate of RUSSELL COLE, SR. and )
as Parent and Next of Friend of KRISTEN COLE )
a Minor; and MELEAH COLE, a Minor )
)
)
      **Plaintiffs,** )
)
Vs. )
)
)
)
**BLACK MOUNTAIN RESOURCES, LLC** )
)
    Serve:     James A. Combs )
              199 North Lake Drive )
              Prestonsburg, KY 41653 )**CIVIL ACTION**
)**NO.**_____
and )
)**JUDGE:**_____
**HARLAN RESOURCES, LLC, a.k.a.** )
**RESOURCE DEVELOPMENT, LLC** )
)
    Serve:     James A. Combs )
              199 North Lake Drive )
              Prestonsburg, KY 41653 )
)
and )
)
**STILLHOUSE MINING, LLC** )
)
    Serve:     James A. Combs )
              199 North Lake Drive )
              Prestonsburg, KY 41653 )
)
and )
)
**CUMBERLAND LAND CORPORATION** )
)
    Serve:     James A. Combs )
               199 North Lake Drive )
               Prestonsburg, KY 41653 )

and                                                     )

**CUMBERLAND RESOURCES CORPORATION**                     )
                                                        )
    Serve:      Trey Grayson                      )
                Kentucky Secretary of State       )
                152 State Capital                 )
                700 Capital Avenue                )
                Frankfort, Kentucky 40601         )
                                                        )
    Serve:      William E. Bradshaw               )
                302 Shawnee Avenue                )
                P.O. Box 267                      )
                Big Stone Gap, VA 24219           )
                                                        )
                                                        )
**Defendants.**                                          )

_____

## COMPLAINT

      Plaintiffs, Claudia Cole, individually and as Administratrix of the Estate of Russell

Cole, Sr., and as parent and next friend of Kristen Cole, a minor and Meleah Cole, a

minor (the "Plaintiffs"), for their Complaint against the Defendants, Black Mountain

Resources, LLC, Stillhouse Mining, LLC, Harlan Resources, LLC, Cumberland Land

Corporation and Cumberland Resources Corporation, hereby respectfully state as

follows:

## PARTIES

1.        Plaintiff, Claudia Cole, who presently resides at 112 Gilliam Street,

Cumberland, Kentucky 40823 is the widow of Russell Cole and qualified and was

appointed as Administratrix of the Estate of Russell Cole on February 15, 2006.  Plaintiff

is the mother of Kristen Cole, a minor, and Meleah Cole, a minor.  (The Order of

Appointment is attached and labeled as Exhibit "A").  At the time of his death on August

3, 2005, Russell Cole worked as an underground miner in Cumberland, Harlan County, Kentucky at the No.1 mine operated by Stillhouse Mining, LLC.

2.          Plaintiff, Kristen Cole, (Kristen) is a minor, born October 2, 1991, and presently resides at 112 Gilliam Street, Cumberland, Kentucky 40823.  Kristen is the daughter of Russell Cole, Sr. and Claudia Cole.

3.          Plaintiff, Meleah Cole, (Meleah) is a minor, born November 16, 1990, and presently resides at 112 Gilliam Street, Cumberland, Kentucky 40823.  Meleah is the daughter of Russell Cole, Sr. and Claudia Cole.

4.          Defendant Black Mountain Resources, LLC (Black Mountain Resources) is a Virginia Limited Liability Company with its principal office located at 152 W. Valley Street, Abingdon, Virginia 24210.  It is registered in Kentucky as a Foreign Limited Liability Company.  The Defendant is a foreign corporation, but has caused damage and/or tortuous injury within the Commonwealth of Kentucky.

5.          Defendant Harlan Resources, LLC (Harlan Resources) is a Virginia Limited Liability Company with its principal office located at P.O. Box 1226, Norton, Virginia 24273.  It is registered in Kentucky as a Foreign Limited Liability Company. Harlan Resources, LLC is engaged in the business of coal mining and leasing real property for coal mining in Kentucky.  The Defendant is a foreign corporation, but has caused damage and/or tortuous injury within the Commonwealth of Kentucky.

6.          Defendant Stillhouse Mining, LLC (Stillhouse Mining) is a Virginia Limited Liability Company with its principal office located at 152 W. Valley Street, Abingdon, Virginia 24210.  It is registered in Kentucky as a Foreign Limited Liability Company. Stillhouse Mining LLC is engaged in the business of coal mining in Kentucky.  The

Defendant is a foreign corporation, but has caused damage and/or tortuous injury within

the Commonwealth of Kentucky.

7.        Defendant Cumberland Land Corporation is a Virginia Corporation with

its principal office located at P.O. Box 2560 Wise, Virginia 24293.  Cumberland Land

Corporation is registered in Kentucky as a Foreign Corporation.  Cumberland Land

Corporation in engaged in coal mining and leasing real property for coal mining in

Kentucky.  The Defendant is a foreign corporation, but has caused damage and/or

tortuous injury within the Commonwealth of Kentucky.

8.        Defendant, Cumberland Resources Corporation, is a Virginia Corporation

engaged in the coal mining industry in Kentucky.  The Defendant is a foreign

corporation, but has caused damage and/or tortuous injury within the Commonwealth of

Kentucky.


## JURISDICTION AND VENUE

9.        Jurisdiction is proper based upon the complete diversity of the parties

involved in this matter.  All Defendants caused damage and/or tortuous injury  within the

Commonwealth of Kentucky and used or possessed property within the Commonwealth

for which the claim at issue arose.  The matter in controversy exceeds the sum of

Seventy-Five Thousand Dollars ($75,000.00), exclusive of cost, interest and

disbursements; therefore, this Court has jurisdiction by virtue of the provisions of 28

U.S.C. 1332.

10.        This Court has jurisdiction over the subject matter herein and is the proper

venue for the bringing of this action, which involves careless, reckless, malicious, and negligent acts committed by the Defendants against the Plaintiffs.  All of said acts were committed within the geographical limits of the United States District Court, Eastern District of Kentucky, London Division.

## GENERAL ALLEGATIONS AS TO ALL DEFENDANTS

11.       The Plaintiffs are informed and believe and therefore allege that Black Mountain Resources, LLC, Harlan Resources, LLC, Cumberland Land Corporation and Cumberland Resources Corporation provide management, engineering and safety services to Stillhouse Mining, LLC.  As such, the Defendants have a duty to ensure that Stillhouse Mining, LLC complies with all mining and safety laws and regulations. Additionally, upon information and belief, the Defendants employ, hire and/or contract with safety and inspection employees or agents to provide that its subsidiaries, affiliates and/or related corporations or entities, including Stillhouse Mining, LLC, are in compliance with safety standards and regulations.

## COUNT I
## (Negligence and Gross Negligence)

12.       The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.       The Defendants owed a duty to Russell Cole, Sr. to operate the Stillhouse Mining No. 1 mine in a safe manner, including but not limited to complying with all applicable laws, regulations, rules and orders of every governmental agency having

jurisdiction over the mining operations or the activities or uses to be conducted on the premises, including without limitation, those related to health and safety.

14.        The Defendants failed to exercise ordinary and reasonable care in the performance of these duties by failing (a) to properly maintain the premises located at the Stillhouse Mining No. 1 mine; (b) to provide a safe work place; (c) to warn Stillhouse Mining LLC employees, including Russell Cole, Sr., of any foreseeable dangers; (d) to reasonably inspect and to provide adequate roof support; (e) to comply with their roof control plans; (f) to adequately train their employees and workers on the proper operation and placement of Mobile Roof Supports (MRS); (g) to correct the hazard presented by the crack in the mine roof before requiring men to work in that area during the second shift on August 3, 2005; (h) to train employees, including Russell Cole, Sr., on the pillar removal plan; (i) to ensure that management properly communicated changes in the direction in which retreat mining was to be conducted on August 3, 2005; and (j) to ensure that miners did not travel inby areas of the mine that had already been pillared.

15.        As a result of the breach of these duties, a massive roof fall occurred on August 3, 2005, and Russell Cole, Sr. was struck and killed in the roof fall.

16.        Defendants knew or should have known that the failure to exercise ordinary and reasonable care in their duties could result in an unplanned fall of the roof and result in serious injury or death to Stillhouse Mining workers or employees, including Russell Cole, Sr.

17.        As a direct and proximate result of the negligence and gross negligence of

the Defendants, Russell Cole, Sr. was fatally injured on August 3, 2005.  Therefore, the

Plaintiffs are entitled to recover both compensatory and punitive damages from the

Defendants in an amount in excess of the jurisdictional limits of this Court.

## COUNT II
## (Negligence Per Se)

18.        The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1

through 17 of this Complaint as if fully set forth herein.

19.        The Defendants were obligated to comply with all applicable laws,

regulations, rules and orders of every governmental agency having jurisdiction over the

Stillhouse Mine No. 1, or the activities or uses to be conducted in the mine, including

without limitation, those relating to health and safety.

20.        The Defendants failed to comply with all statutes and regulations relating

to health and safety.  Such rules, laws, regulations and orders were violated by

exposing miners, including Russell Cole, Sr., to unplanned roof falls and other dangers.

The Defendants failed to comply with their roof control plan in violation of their statutory

obligations.  Specifically, the Defendants failed to comply with their pillar removal plan in

violation of their statutory obligations.  Also, the Defendants failed to adequately train

their employees regarding the pillar plan and in the operation and placement of the

mobile roof support system in violation of their statutory obligation.

21.        The Defendants failed to inform Stillhouse Mining employees, including

Russell Cole, Sr., of the danger of an unplanned roof fall after having actual notice of

said danger.  The Defendants also failed to take reasonable precautions to prevent

injuries or death from an unplanned roof fall.

22.        The Defendants failed to inform Stillhouse Mining employees, including Russell Cole, Sr., of the dangers associated with not following the approved pillar plan in the mine after having actual notice of said dangers or the danger or to take reasonable precautions to prevent injuries or death.

23.        The Defendants failed to train Stillhouse Mining  employees, including Russell Cole, Sr., regarding the proper operation of Mobile Roof Supports (MRS).

24.        The Defendants failed to train Stillhouse Mining employees, including Russell Cole, Sr., regarding the pillar plan being utilized at Stillhouse Mine No. 1.

25.        As a direct and proximate cause of Defendants' failure to comply with applicable statutes and regulations, Russell Cole, Sr. suffered a fatal injury on August 3, 2005.  Therefore, the Plaintiffs are entitled to recover both compensatory and punitive damages from the Defendants in an amount in excess of the jurisdictional limits of this Court.


## <u>COUNT III</u>
## <u>WRONGFUL DEATH</u>

26.        The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.        The Defendants were obligated to comply with all applicable laws, regulations, rules and orders of every governmental agency having jurisdiction over the Stillhouse Mine No. 1, or the activities or uses to be conducted in the mine, including without limitation, those relating to health and safety.

28.        Defendants failed to comply with statutes and regulations relating to health

and safety.  Such rules, laws, regulations and orders were violated by exposing miners, including Russell Cole, Sr., to the dangers of unplanned roof falls and other dangers. Furthermore, the Defendants failed to comply with their pillar plan, and failed to adequately train the miners, including Russell Cole, Sr.,  on the pillar plan and on the operation of mobile roof support (MRS) systems, in violation of their statutory obligations.

29.        Shortly before the unplanned roof fall on August 3, 2005, an examination of a 12 foot test hole revealed the presence of a crack in the mine roof at 11 feet 5 inches.  The  Defendants nonetheless directed the miners to continue working in unsafe conditions,  failed to take any actions to provide additional roof support, failed to follow proper procedures in moving the mobile roof supports, and allowed miners to work inby an area of the mine that had already been pillared.

30.        At no time did the Defendants, after having actual notice of the dangers set forth herein, take any action or take any reasonable precautions to prevent injury or death from an unplanned roof fall.

31.        Defendants in their operations did willfully, wantonly, maliciously, recklessly, negligently and/or intentionally cause the unplanned roof fall and/or failed to take precautions and/or prevent the roof fall which killed Russell Cole, Sr.  Additionally, the Defendants acted willfully, maliciously and with reckless disregard of the life of Russell Cole, Sr.

32.        As a direct and proximate result of the actions of the Defendants', Russell Cole, Sr. suffered a fatal injury which permanently caused a loss of his earning capacity and the power to earn.

33.        As a direct and proximate result of the actions of the Defendants', Russell Cole, Sr. suffered a fatal injury and the Plaintiffs are entitled to recover both compensatory and punitive damages from the Defendants in an amount in excess of the jurisdictional limits of this Court.

### COUNT IV
### MELEAH COLE - LOSS OF PARENTAL CONSORTIUM

34.    The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.        As a direct and proximate result of the Defendants' conduct described herein, the Plaintiff, Meleah Cole, a minor, suffered the loss of love, affection, companionship, and the right to the services, assistance, aid, and society because of the death of her father, Russell Cole, Sr.  Additionally, Meleah has suffered affliction to her family and mental affliction as a direct and proximate result of the wrongful death of her father.

36.        As a direct and proximate result of the conduct of the Defendants, the Plaintiff, Meleah Cole, a minor, is entitled to recover compensatory damages from the Defendants in an amount in excess of the jurisdictional limits of this Court.

### COUNT V
### KRISTEN COLE - LOSS OF PARENTAL CONSORTIUM

37.        The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.        As a direct and proximate result of the Defendants' conduct described

herein, the Plaintiff, Kristen Cole, a minor, suffered the loss of love, affection, companionship, and the right to the services, assistance, aid, and society because of the death of her father, Russell Cole, Sr.  Additionally, Kristen has suffered affliction to her family and mental affliction as a direct and proximate result of the wrongful death of her father.

39.        As a direct and proximate result of the conduct of the Defendants, the Plaintiff, Kristen Cole, a minor, is entitled to recover compensatory damages from the Defendants in an amount in excess of the jurisdictional limits of this Court.

## COUNT VI
## CLAUDIA COLE-LOSS OF CONSORTIUM

40.        The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.        As a direct and proximate result of the Defendants' conduct described herein, the Plaintiff, Claudia Cole, suffered the loss of love, affection, companionship, and the right to the services, assistance, aid, and society because of the death of her husband, Russell Cole, Sr.  Additionally, Claudia has suffered affliction to her family and mental affliction as a direct and proximate result of the wrongful death of her husband.

42.        As a direct and proximate result of the conduct of the Defendants, the Plaintiff, Claudia Cole, is entitled to recover compensatory damages from the Defendants in an amount in excess of the jurisdictional limits of this Court.

## COUNT VII
## PUNITIVE DAMAGES

43.         The Plaintiffs incorporate each of the allegations set forth in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.         Plaintiffs further state that the actions of the Defendants constituted willful, malicious, gross conduct, and gross negligence, and their actions constituted oppression and malice upon and toward Russell Cole, Sr. and these Plaintiffs.  As a result, the Plaintiffs seek punitive damages against the Defendants, both jointly and severally, in a sum which exceeds the jurisdictional limits of this Court.

## COUNT VIII
## JURY DEMAND

45.         Plaintiffs request a trial by jury.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, both jointly and severally, as follows:

(1)         For compensatory damages for loss of future wages and the loss of the power to earn in the amount of $1,569,867.00;

(2)         For punitive damages in the amount of $50,000,000.00;

(3)         For loss of consortium damages in the amount of $15,000,000.00;

(4)         For a trial by jury;

(5)         For all cost incurred herein, including a reasonable attorney's fee;

(6)         For all interest available under the law on the above sums from the date of the Plaintiffs' individual injuries until paid, and;

(7)         For all such other relief to which the Plaintiffs may be entitled.

Respectfully submitted,


**SHEFFER LAW FIRM, PLLC**

s/Ronald G. Sheffer
Ronald G. Sheffer
KBA # 63630
Phillip Monhollen
KBA # 87946
National City Tower
101 South Fifth Street, Suite 1600
Louisville, Kentucky 40202
*Counsel for Plaintiffs*
(502) 582-1600

Tony Oppegard
KBA # 52768
P.O. Box 22446
Lexington, Kentucky 40522
*Co-Counsel for Plaintiffs*
(859) 948-9239